IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL FRIEDMAN,

    Plaintiff,

v.                                        C.A. No.:   1:21-cv-40

PAYPAL, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL FRIEDMAN (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, PAYPAL, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, PAYPAL, INC., has offices Travis County, Texas.

## THE PARTIES

4.     Plaintiff is an individual residing in Travis County, Texas.

5.     Plaintiff, MICHAEL FRIEDMAN, was employed by Defendant from September of 2016[1] to November 2020, as an Inside Salesperson. Some of Plaintiff's principle duties were to handling all inbounds sales calls, closing sales deals and transferring large deals to a sales manager. All of Plaintiff's work dealt with selling business-to-business payment processing services.

6.     Defendant, PAYPAL, INC., is a corporation existing under the laws of the State of Delaware and maintains offices in Austin, Texas.

7.     Defendant, PAYPAL, INC., is a company that operates a worldwide online payments system that supports online money transfers and serves as an electronic alternative to traditional paper methods like checks and money orders, and is an employer as defined by 29 U.S.C. § 203(d).

---

[1] Plaintiff was originally hired by Hyperwallet, which was acquired by PayPal Holdings, Inc., the Defendant's parent company, on June 19, 2018.

8. Defendant, PAYPAL, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, PAYPAL, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, PAYPAL, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiff was dependent upon Defendant for their employment.

12. Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities.  Specifically, Plaintiff, and others similarly situated, performed work relating to the handling and movement of goods and products for interstate commerce, and regularly utilized the channels of interstate commerce in performing the regular and recurring duties.

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

13. Plaintiff, 1) sold Defendant's products and services via telephone and

computer; 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid an hourly rate plus commissions.

14. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

15. Specifically, Plaintiff was only paid overtime based upon his hourly rates only. Defendant did not include the commissions earned by the Plaintiff when determining the regular rate of pay upon which the overtime rate is based. Defendant's failure to include commissions in the regular rate resulted in an underpayment of overtime compensation.

16. Defendant's policy of not properly paying overtime was willful and Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

17. Defendant failed to act reasonably to comply with the FLSA; thus, Plaintiff is are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

18. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours

worked in excess of 40 per workweek.

19. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

20. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, MICHAEL FRIEDMAN, demands Judgment against Defendant for the following:

a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, MICHAEL FRIEDMAN, demands a jury trial on all issues so triable.

Respectfully submitted this January 13, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**